**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 06-CR-0049-CVE |
| ) | (08-CV-0389-CVE-FHM) |
| JOHNNY RAY LEONARD, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Now before the Court is defendant Johnny Ray Leonard's pro se motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 40). Section 2255 provides that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." The United States responded to Leonard's § 2255 motion (Dkt. # 48), and requests that the Court resentence him in light of the Supreme Court's decision in United States v. Begay, 128 S. Ct. 1581 (2008).

**I.**

On May 3, 2006, a four-count superseding indictment was returned against defendant, Johnny Ray Leonard, charging him with two counts of unlawful possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1), one count of possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1), and one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C.

§ 924(c)(1). Dkt. # 17. The indictment alleged that Leonard had previously been convicted of the following crimes:

1. DUI - Second Offense Liquor/Felony on January 13, 1995, in case No. CF-TU-94-004123 in the District Court, Tulsa County, Oklahoma;

2. DUI - Second Offense/Felony AFCF on January 8, 1998, in case No. CF-TU-97-004127 in the District Court, Tulsa County, Oklahoma; and

3. DUI - Second Offense/Felony AFCF on January 8, 1998, in case No. CF-TU-98-000024 in the District Court, Tulsa County, Oklahoma.

Id.

At a change of plea hearing on June 27, 2006, Leonard entered a plea of guilty pursuant to a plea agreement as to Counts 2 and 3 of the superseding indictment, and the government agreed to dismiss Counts 1 and 4 at sentencing. Dkt. # 27. Leonard's plea agreement contains a detailed waiver of appellate and post-conviction rights, but reserves his right to appeal from "a sentence which exceeds the statutory maximum." Dkt. # 28, at 3. Under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), a person convicted of an offense under 18 U.S.C. § 922(g) and who has three prior convictions for violent felonies is treated as an armed career criminal and must be sentenced to at least 15 years but no more than life imprisonment. Leonard's counsel[1] confirmed that Leonard understood the implications of the ACCA when entering a plea of guilty. Dkt. # 46, at 8. Following the change of plea hearing, the United States Probation Office for the Northern District of Oklahoma prepared a presentence investigation report (PSR) classifying defendant as an

---

[1] Leonard was represented at his change of plea hearing by then-Federal Public Defender Paul D. Brunton; Julia O'Connell, the current Federal Public Defender, represented him thereafter.

armed career criminal.[2] PSR at 8. Defendant's counsel filed an objection to that report, arguing that Leonard's previous DUI felony convictions were not violent felonies and should not be used as predicate offenses to classify Leonard as an armed career criminal. Dkt. # 35. At his sentencing hearing on February 2, 2007, the Court determined that, under the existing Tenth Circuit precedent, DUI was a violent felony. Dkt. # 47, at 3. Accordingly, Leonard was subject to a sentencing enhancement as an armed career criminal and the Court imposed a sentence of 188 months. Id. at 17. The Court entered a final judgment and commitment (Dkt. # 39) on February 15, 2007.

On April 16, 2008, the Supreme Court issued its decision in United States v. Begay, 128 S. Ct. 1581 (2008), reversing the Tenth Circuit and holding that driving under the influence of alcohol was not a violent felony under the ACCA.[3] On July 3, 2008, Leonard filed this motion under § 2255. Dkt. # 40. Pursuant to 28 U.S.C. § 2255(f)(3), a defendant has one year from the date that "the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . ." Therefore, Leonard's motion was filed within the one-year statute of limitations provided by § 2255, and his motion is timely.

**II.**

Defendant raises two claims in his § 2255 motion. He argues that (1) he should be resentenced without application of the ACCA because, in light of Begay, his DUI convictions should

---

[2] The PSR notes that Leonard has five predicate violent felonies: the three felony convictions for driving under the influence of alcohol (DUI), Burglary (Second Degree) and Assault (Third Degree) [3AN-S85-1889-CR and 3AN-S86-7173-CR]. PSR at 8.

[3] Leonard did not appeal his sentence because, "it would have been deemed frivolous before April 16, 2008." Dkt. # 40, at 3.

3

not be treated as violent felonies and (2) his waiver of appellate and post-conviction rights was invalid and unenforceable.[4]

**A.     Appellate and Post-Conviction Waiver**

As an initial matter, the appellate and post-conviction waiver contained in the plea agreement prevents defendant from appealing his sentence unless the sentence imposed exceeds the statutory maximum. Dkt. # 28. The appellate and post-conviction waiver also prohibits defendant from collaterally attacking his conviction and sentence pursuant to § 2255, except for claims based on ineffective assistance of counsel. Id. Nonetheless, the government asks the Court to allow defendant "to proceed in order to correct his sentence which exceeds the statutory maximum." Id. at 6. The Tenth Circuit has held that a district court may not sua sponte enforce an appellate and post-conviction waiver. See United States v. Contreras-Ramos, 457 F.3d 1144, 1145 (10th Cir. 2006) ("the waiver is waived when the government utterly neglects to invoke the waiver"). See also United States v. Calderon, 428 F.3d 928, 931 (10th Cir. 2005) (refusing to enforce an appellate waiver that the government has not sought to enforce). Here, the government does not seek to enforce the waiver with respect to resentencing under Begay. Accordingly, the Court finds that the government has waived its right to enforce the appellate and post-conviction waiver provision, and Leonard may seek resentencing.

**B.     Begay and the ACCA**

Leonard argues that, under Begay, he should not be classified as an armed career criminal and should be sentenced accordingly. The ACCA is a sentencing provision requiring a court to

---

[4]     Because the Court finds that Leonard will be resentenced in light of Begay, his second ground for § 2255 relief, premised on his right to resentencing in spite of his post-conviction waiver, is moot.

4

impose a mandatory minimum sentence of 15 years if a defendant has "three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense." 18 U.S.C. § 924(e)(1). Violent felony is defined as:

> any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that --
>
> > (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> >
> > (ii) is burglary, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . .

Id. at § 924(e)(2)(B). The Tenth Circuit determined that DUI was a violent felony under the ACCA, because DUI presented a "serious potential risk of physical injury." United States v. Begay, 470 F.3d 964, 970 (10th Cir. 2006). However, the Supreme Court reversed the Tenth Circuit and held that a prior DUI conviction could not be treated as a violent felony under the ACCA. Begay, 128 S. Ct. 1581. The Supreme Court noted that DUI did not fall with the statutory definition of a violent felony nor was it similar to other offenses specifically listed in § 924(e)(2)(B). Id. at 1584 ("[W]e should read the examples as limiting the crimes that clause (ii) covers to crimes that are roughly similar, in kind as well as in degree of risk posed, to the examples themselves."). In contrast to crimes such as burglary or arson, which require some element of violence, DUI is comparable to a strict liability offense and an offender can be convicted without engaging in any purposefully dangerous or violent conduct. Id. at 1586-87. The legislative history of § 924(e) also suggested that Congress did not intend for the statute to cover every offense that involved a risk of harm to others. Id. at 1586. Although the Supreme Court appreciated that drunk drivers pose a risk to others, it

concluded that DUI was not the type of offense covered by the statutory term "violent felony" and, thus, a DUI conviction could not be used as a predicate offense under the ACCA.

In this case, the Court considered Leonard's three DUI convictions as violent felonies when it sentenced him to the mandatory minimum required under the ACCA, and his conviction became final before the Supreme Court issued its decision in Begay. To determine if defendant can seek relief based on the rule announced in Begay through a § 2255 motion, the Court must consider whether Teague v. Lane, 489 U.S. 288 (1989), applies and, if so, whether defendant can rely on Begay as a basis for relief in collateral proceedings. In Teague, the Supreme Court held that new rules of criminal procedure are generally inapplicable to cases on collateral review. Id. at 305-06. The Supreme Court has subsequently clarified that a "new rule applies retroactively in collateral proceedings only if (1) the rule is substantive or (2) the rule is a 'watershed rul[e] of criminal procedure' implicating the fundamental fairness and accuracy of the criminal proceedings." Whorton v. Bockting, 127 S. Ct. 1173, 1180 (2007). An example of a new substantive rule was the rule created in Bailey v. United States, 516 U.S. 137 (1995), when the Supreme Court held that the "use" element of 18 U.S.C. § 924(c)(1) required the government to prove "active employment of the firearm" rather than mere possession. Id. at 144. In Bousley v. United States, 523 U.S. 614 (1998), the Supreme Court determined that Bailey announced a new substantive rule and Teague did not prevent the defendant from raising a claim based on Bailey in collateral proceedings. Id. at 619-20 ("[B]ecause Teague by its terms applies only to procedural rules, we think it is inapplicable to the situation in which this Court decides the meaning of a criminal statute enacted by Congress."). The Supreme Court has not recognized any new rule of criminal procedure as a watershed rule since Teague was decided. Whorton, 127 S. Ct. at 1181-82.

The government concedes that Begay announced a substantive rule and defendant's claim is not subject to the restrictions of Teague. A rule is procedural if it "merely raise[s] the possibility that someone convicted with use of the invalidated procedure might have been acquitted otherwise," while a substantive rule "narrows the scope of a criminal statute by interpreting its terms . . . [or] place[s] particular conduct or persons covered by the statute beyond the State's power to punish." Schriro v. Summerlin, 542 U.S. 348, 351-52 (2004). In Begay, the Supreme Court construed the ACCA and found that DUI did not fall within the statutory definition of a violent felony. Begay, 128 U.S. at 1588. Therefore, a DUI conviction may not be used to enhance a defendant's sentence under the ACCA and a defendant who was classified as an armed career offender based, in part, on a DUI conviction may have been improperly sentenced. Begay did not craft a new sentencing procedure but, instead, limited the types of crimes that may treated as predicate offenses under the ACCA. A new rule is substantive if it limits the reach of a federal criminal statute and creates a risk that a person has been punished for "an act that the law does not make criminal" or, in this case, that a person's sentence has been increased based on conduct outside the scope of the federal statute used to enhance the sentence. See Bousley, 523 U.S. at 620-21. The Court finds that Begay announced a new substantive rule, rather than a procedural rule, because Begay limits the authority of a court to increase a defendant's punishment for certain types of conduct. Therefore, Teague is inapplicable and defendant may rely on Begay to challenge his sentence in a § 2255 motion.

After reviewing defendant's § 2255 motion, the Court finds that his motion should be granted as to his first ground for relief because defendant may be entitled to a reduced sentence under Begay.

**IT IS THEREFORE ORDERED** that defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 40) is **granted in part** and is **moot in part**: it is **granted** as to his first ground for relief as to resentencing under Begay; it is **moot** as to his second ground for relief of ineffective assistance of counsel.

**IT IS FURTHER ORDERED** that **resentencing is hereby set for May 12, 2009 at 10:00 a.m.**

**DATED** this 27th day of February, 2009.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT